# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDPR NA Distributed Generation LLC, f/k/a C2 Omega LLC, EDPR NA DG Holding LLC, and EDP Renewables North America LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 2024-0701-MTZ |
| RICHARD DOVERE and CANDICE MICHALOWICZ, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER GRANTING PARTIAL SUMMARY JUDGMENT AND SPECIFIC PERFORMANCE

**WHEREAS:**

A.    Plaintiffs EDPR NA Distributed Generation LLC, EDPR NA DG Holding LLC, and EDP Renewables North America LLC ("Plaintiffs") moved for partial summary judgment (the "Motion"), which the parties briefed and presented at oral argument on January 27, 2025.[1]

B.    For the reasons stated at argument, Plaintiffs are entitled to a partial summary judgment on Count I, their claim that defendants Richard Dovere and

---

[1] Docket item ("D.I.") 9; D.I. 13; D.I. 15; D.I. 26; D.I. 49; D.I. 50.

Candice Michalowicz ("Defendants") breached their contractual promise to terminate certain guarantees by a certain date.[2]

C.    Plaintiffs seek specific performance of that promise. "A party seeking specific performance must establish that (1) a valid contract exists, (2) [it] is ready, willing, and able to perform, and (3) that the balance of equities tips in favor of the party seeking performance."[3]

D.    Despite having also agreed to specific performance and promised not to oppose a request for it,[4] Defendants lodged two contradictory arguments based on the second two elements. In briefing, Defendants pressed that specific

---

[2] D.I. 50 at 5; *see* D.I. 9 Ex. 1; D.I. 9 Ex. 3 § 1.4(b) ("No later than the earlier of (x) December 31, 2021, and (y) the date on which Sellers no longer possess (directly or indirectly) ownership rights or control of the assets or properties related to the Taiyo Guarantees, Sellers shall cause each of the Taiyo Guarantees to be terminated, replaced or removed, in each case, without surviving obligations or liabilities of the Company or any of its Affiliates thereunder.").

[3] *Estate of Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1158 (Del. 2010) (quoting *Morabito v. Harris*, 2002 WL 550117, at *2 (Del. Ch. Mar. 26, 2002)).

[4] D.I. 9 Ex. 1 § 10.14 ("It is accordingly agreed that each of the Parties shall be entitled to seek an injunction or injunctions, specific performance and other equitable relief to prevent breaches of this Agreement and to enforce specifically the terms and provisions of this Agreement, in each case, without posting a bond or undertaking . . . . Each of the Parties agrees that it will not oppose the granting of an injunction, specific performance and other equitable relief on the basis that (x) any other Party has an adequate remedy at law or (y) an award of specific performance is not an appropriate remedy for any reason at law or equity.").

performance was "unnecessary" because they had been, and were still, working to terminate the guarantees.[5]

E.    At the hearing, Defendants presented a "new argument"[6] that specific performance would be "futile"[7] because Defendants' performance required cooperation of the third-party lenders that are counterparties to the guarantees, which was not within Defendants' control and which might come at a cost to Defendants. Defendants did not go so far as to assert their performance was impossible. Rather, their argument is that the Court could not effectively supervise or compel termination of the guarantees between Defendants and their perhaps reluctant counterparties, and that the balance of the equities disfavored an order of specific performance.[8]

**IT IS HEREBY ORDERED**, this 25th day of February, 2025:

1.    Plaintiffs have demonstrated an entitlement to specific performance. The validity of the governing contract is not in dispute; Defendants are able to perform; and the balance of the equities favors holding Defendants to their promises. No remedy at law can stand in for freedom from the guarantees.

---

[5] D.I. 15 at 29.

[6] D.I. 50 at 18.

[7] D.I. 50 at 20, 28.

[8] D.I. 50 at 15–17 (citing *West Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC*, 2007 WL 3317551 (Del. Ch. Nov. 2, 2007)).

2. Under Defendants' original "unnecessary" argument, they are able to perform, and the cost of a decree of specific performance to Defendants is low.

3. Defendants' "futile" argument was not briefed, and so was waived.[9] It is inconsistent with their promise agreeing to specific performance and not to oppose it. And it fails to excuse Defendants from performing as they promised to do. It is true that this Court will not enter an order of specific performance where enforcement is so challenging or difficult to monitor as to risk accidental contempt.[10] The need to negotiate with a third party in order to perform does not itself make enforcement so difficult as to preclude specific performance; nor does it always present a risk of costs so high as to be inequitable.[11] Here, any difficulty and inequitable costs are belied by Dovere's affidavit, which was submitted in support of the "unnecessary" argument, which is replete with optimism that the guarantees can be terminated in short order.[12]

---

[9] *Emerald P'rs v. Berlin*, 726 A.2d 1215, 1224 (Del. 1999) ("Issues not briefed are deemed waived.") (citation omitted).

[10] *26 Capital Acq. Corp. v. Tiger Resort Asia Ltd.*, 309 A.3d 434, 467 (Del. Ch. 2023); *Carteret Bancorp, Inc. v. Home Group, Inc.*, 1988 WL 3010 at *8 (Del. Ch. 1988); *see Mercury P'rs Mgmt, LLC v. Valo Health, Inc.*, 2024 WL 413784 (Del. Ch. Feb. 5, 2024), *appeal refused*, 2024 WL 1260957 (Del. Mar. 26, 2024) (TABLE).

[11] *E.g.*, *Snow Phipps Gp., LLC v. Kcake Acq., Inc.*, 2021 WL 1714202, at *3, *55 (Del. Ch. Apr. 30, 2021) (ordering specific performance of an obligation to use reasonable best efforts to obtain alternative financing by a party whose brief search for alternative financing had fallen short).

[12] D.I. 16.

4.     As stated at the hearing, Plaintiffs' motion for summary judgment is denied as to Counts II and III.

*/s/ Morgan T. Zurn*

Vice Chancellor Morgan T. Zurn